IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL D. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-4639 |
| ) | |
| GENERATIONS AT APPLEWOOD, LLC, f/k/a ) | |
| APPLEWOOD REHABILITATION CENTER, LLC, ) | Jury Demanded |
| GENERATIONS HEALTHCARE NETWORK, LLC, ) | |
| BRYAN G. BARRISH and LOUISE BERGTHOLD, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Cheryl D. Nelson ("Nelson"), by her undersigned counsel, complains of Defendants, Generations at Applewood, LLC, f/k/a Applewood Rehabilitation Center LLC (hereafter "GA"), Generations Healthcare Network, LLC ("GHN"), Bryan G. Barrish ("Barrish") and Louise Bergthold ("Bergthold"), as follows:

### JURISDICTION AND VENUE

1. Nelson is alleging claims for employment discrimination and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391 as Defendants all reside and/or do business in this judicial district, and the subject misconduct occurred in this judicial district.

### PARTIES

3. Nelson is an adult African-American female who, at all times relevant, was employed as the Administrator of GA's Matteson, Illinois nursing home facility, known as

Generations at Applewood, 21020 Kostner Ave., Matteson, IL. Nelson was employed at said facility from or about April 2, 2018, until her abrupt termination on or about June 13, 2018.

4. At all relevant times, GA, on information and belief, was an Illinois limited liability company that owned and/or operated Generations at Applewood, and was her employer for purposes of Section 1981.

5. At all relevant times, GHN was an Illinois limited liability company that, upon information and belief, owned, controlled, managed and/or operated GA by and through: (a) Barrish, GHN's Principal and Managing Member; (b) Bergthold, GHN's Executive Vice President of Operations, responsible for GA's human resources and other internal operations; and (c) Mark Hocuk ("Hocuk"), GHN's (then) Regional Vice President – all of whom had responsibility for key decision making at GA, and exercised full supervisory authority and control over Nelson.

6. In view of the foregoing, at all relevant times, GHN jointly exercised the requisite ownership, control and/or management of GA - as well as oversight and implementation of its human resources and on-site employment practices affecting Nelson and, thus, was GA's "alter ego" for purposes of Section 1981 liability.

### SALIENT FACTS

7. At all relevant times during her employment, including on or about June 7, 2018, Zack McGrath ("McGrath"), Director of Maintenance at Generations at Applewood, referred to Nelson in racially offensive and discriminatory terms - including calling her the "HNIC" - an acronym for the "Head Nigger in Charge."

8. Nelson complained to Bergthold, Hocuk and Sarah Barrish, GHN's Vice President - Legal Services, about McGrath's racially offensive and discriminatory remarks. In response, Sarah Barrish advised Nelson that she would investigate. True copies of the subject e-mails are attached as Exhibit A.

9. On or about June 12, 2019, Nelson cooperated and participated in Sarah Barrish's effort to investigate by providing her with additional evidence of McGrath's racist and discriminatory conduct, including racist internet postings.

10. On or about June 13, 2018, Nelson was abruptly fired by Barrish and Bergthold - both of whom were aware of her complaints about McGrath's misconduct and her participation in Sarah Barrish's investigation.

11. GA's purported reason for firing Nelson, *i.e.* that she was improperly paid for Memorial Day (May 28, 2018), was knowingly false and a pretext for racial discrimination and/or related retaliation against her – as Nelson (a salaried employee) had previously requested and was *granted* Memorial Day off from work (even though she remained on "on call" if needed).

12. Accordingly, Nelson neither requested nor improperly accepted any such compensation, and even offered to *return* said compensation, if Barrish required, but he refused her offer.

13. In further retaliation, Barrish told Nelson that she would never secure employment in the long-term care/nursing home industry again because he would tell other care facility owners not to hire her because of her "misconduct."

## Count I
## (Violations of 42 U.S.C. § 1981 - GA and GHN)

1. Nelson adopts paragraphs 1 through 13 above as paragraph 1 of Count I.

- 3 -

2. Section 1981 prohibits unequal treatment and discrimination against Nelson because of her race, African-American, as well as related retaliation against her for, *inter alia,* opposing, reporting, or complaining about racially discriminatory and offensive conduct in the workplace.

3. The aforesaid discriminatory and retaliatory actions against Nelson, including her abrupt firing, violated Section 1981.

4. In further violation of Section 1981, GA and GHN, *inter alia*:

   a. Failed to provide Nelson with a work atmosphere free from discrimination, harassment, intimidation and retaliation;

   b. Failed to take prompt and effective remedial action and/or otherwise rectify Nelson's concerns of discrimination;

   c. Failed to effectively discipline or discharge McGrath, as well as any others who participated, acquiesced, or ignored said discrimination;

   d. Failed to properly train their managers, officers, owners, and employees, including McGrath, Barrish, Bergthold and Hocuk, about the prohibitions on racial discrimination and retaliation in the workplace;

   e. Failed to properly create, implement or enforce an effective anti-discrimination or anti-retaliation policy at GA; and/or

   f. Failed to otherwise protect and prevent Nelson from being unlawfully discriminated or retaliated against in the workplace.

5. The effect of the aforesaid misconduct was discriminatory, unlawful, and deprived Nelson of an equal opportunity to enjoy, make and enforce contracts, and

otherwise adversely affected her based on her race – African-American.

6. As a direct and proximate result of said misconduct, Nelson has lost and will continue to lose compensation and other benefits of employment, has suffered emotional distress, and anxiety about her ability to support herself, her future employability, has lost earning capacity, and suffered humiliation, embarrassment, disruption of her personal life and loss of enjoyment of the pleasures of every-day life.

7. The aforesaid misconduct was willful, wanton and/or in reckless disregard of Nelson's federally protected rights and warrants the imposition of punitive damages against GA and/or GHN.

## Relief Sought

**WHEREFORE,** Plaintiff, Cheryl D. Nelson, prays that this Court grant her the following relief against Defendants, Generations at Applewood, LLC, and Generations Health Care Network, LLC, jointly and severally, as follows:

   A. Award her appropriate lost back pay and employment benefits; reinstatement, or alternatively, lost front pay; damages for lost future capacity/career loss; reimbursement for other employment related losses, plus interest, to render her whole from the unlawful discrimination and retaliation – in amounts to be determined at trial.

   B. Award her compensatory damages for emotional pain, humiliation and anxiety, in an amount to be determined at trial.

   C. Award her punitive damages in an amount to be determined at trial.

   D. Award her lodestar legal fees, litigation costs, expert witness fees, any additional relief that is warranted.

## Count II
### (Violations of 42 U.S.C. § 1981 – Barrish)

1. Nelson readopts paragraphs 1 through 4 of Count I as paragraph 1 of Count II.

2. Barrish's aforesaid misconduct – including tolerating, failing or refusing to rectify said racially offensive conduct and discrimination – and/or retaliating against Nelson for complaining about same, deprived her of the equal opportunity to enjoy, make and enforce contracts, and otherwise adversely affected her based on her race.

3. As a direct and proximate result of Barrish's alleged misconduct, Nelson has lost and will continue to lose compensation and other benefits of employment, has suffered emotional distress, and anxiety about her ability to support herself, her future employability, has lost earning capacity, and suffered humiliation, embarrassment, disruption of her personal life and loss of enjoyment of the pleasures of every-day life.

4. The aforesaid misconduct by Barrish was willful, wanton and/or in reckless disregard of Nelson's federally protected rights and warrants the imposition of punitive damages against him.

## Relief Sought

**WHEREFORE,** Plaintiff, Cheryl D. Nelson, prays that this Court grant her the following relief against Defendant, Bryan G. Barrish:

> A. Award her appropriate lost back pay and employment benefits; reinstatement, or alternatively, lost front pay; damages for lost future capacity/career loss; reimbursement for other employment related losses, plus interest, to render her whole from the unlawful discrimination and retaliation – in amounts to be determined at trial.
>
> B. Award her compensatory damages for emotional pain, humiliation and anxiety, in an amount to be determined at trial.
>
> C. Award her punitive damages in an amount to be determined at trial.

D. Award her lodestar legal fees, litigation costs, expert witness fees, any additional relief that is warranted.

## Count III
### (Violations of 42 U.S.C. § 1981 – Bergthold)

1. Nelson readopts paragraph 1 of Count II as paragraph 1 of Count III.

2. Bergthold's aforesaid misconduct – including tolerating, failing or refusing to rectify said racially offensive conduct and discrimination – and/or retaliating against and terminating Nelson for complaining about same, deprived her of the equal opportunity to enjoy, make and enforce contracts, and otherwise adversely affected her based on race.

3. As a direct and proximate result of Bergthold's alleged misconduct, Nelson has lost and will continue to lose compensation and other benefits of employment, has suffered emotional distress, and anxiety about her ability to support herself, her future employability, has lost earning capacity, suffered humiliation, embarrassment, disruption of her personal life and loss of enjoyment of the pleasures of every-day life.

4. The aforesaid misconduct by Bergthold was willful, wanton and/or in reckless disregard of Nelson's federally protected rights and warrants the imposition of punitive damages against her.

### Relief Sought

**WHEREFORE,** Plaintiff, Cheryl D. Nelson, prays that this Court grant her the following relief against Defendant, Louise Bergthold:

A. Award her appropriate lost back pay and employment benefits; reinstatement, or alternatively, lost front pay; damages for lost future capacity/career loss; reimbursement for other employment related losses, plus interest, to render her whole from the unlawful discrimination and retaliation – in amounts to be determined at trial.

B. Award her compensatory damages for emotional pain, humiliation and anxiety, in an amount to be determined at trial.

C. Award her punitive damages in an amount to be determined at trial.

D. Award her lodestar legal fees, litigation costs, expert witness fees, any additional relief that is warranted.

**PLAINTIFF REQUESTS A JURY TRIAL**

**Plaintiff – Cheryl D. Nelson**

By: s/Randall B. Gold
One of Her Attorneys

Randall B. Gold (ARDC #6190918)
FOX & FOX, S.C.
111 East Wacker Dr.
Ste. 2600
Chicago, IL 60601
312-526-3220
rgoldlaw@aol.com

Renee Kessel (ARDC #1453440)
55 W. Delaware Place
Unit 603
Chicago, IL 60610
312-608-8181
rfk54321@yahoo.com